# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DR. GREGORY HALL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 19 CV 417 |
| | ) |
| DETECTIVE ROSENBAUM, Star #161, | ) Judge Edmond E. Chang |
| DETECTIVE MALNOR, Star #121, | ) |
| DETECTIVE POGORZELSKI, Star #255, | ) Magistrate Judge Sidney I. Schenkier |
| DETECTIVE DUKLER, Star #232, and | ) |
| THE CITY OF EVANSTON, ILLINOIS, | ) |
| A MUNICIPAL CORPORATION, | ) |
| | ) |
| Defendants. | ) |

## DEFENDANTS' JOINT ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT

NOW COME Defendants, City of Evanston ("City"), and Evanston Police Detectives Daniel Rosenbaum, Pauline Pogorzelski, Marla Dukler, and Timothy Malnor ("Defendant Officers") (collectively "Defendants"), by and through one of their attorneys, Victoria R. Benson, Deputy City Attorney, City of Evanston Law Department, and for their Answer and Affirmative Defenses to Plaintiff's Amended Complaint hereby state as follows:

1. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. Sections 1983 and 1988; 28 U.S.C. Sections 1331 and 1323(3); and the Constitution of the United States, and supplemental jurisdiction under 28 U.S.C. Section 1367.

    **ANSWER:** **Defendants admit that jurisdiction is proper.**

2. Plaintiff Dr. Gregory Hall is an African-American male, age early 60's, a licensed medical doctor, a citizen of the United States, and a resident of Cook County.

**ANSWER: Upon information and belief, Defendants admit that Plaintiff is an African-American male, but lack sufficient information or knowledge upon which to form a belief as to the truth of the remaining allegations contained in this paragraph and, therefore, neither admit nor deny same.**

3. Defendant OFFICERS DETECTIVE ROSENBAUM, Star #161, DETECTIVE MALNOR, Star #121, DETECTIVE POGORZELSKI, Star #255, and DETECTIVE DUKLER, Star #232, are police officers employed by the City of EVANSTON, ILLINOIS and were at all times relevant to the facts alleged in this complaint acting within the scope of their employment and under color of law. Defendant OFFICERS DETECTIVE ROSENBAUM, Star #161, DETECTIVE MALNOR, Star #121, DETECTIVE POGORZELSKI, Star #255, and DETECTIVE DUKLER, Star #232, are being sued individually.

**ANSWER: Defendants admit that, at all times relevant hereto, Defendant Officers were acting within the scope of their employment and under color of law and admit that Plaintiff purports to sue the Defendant Officers in their individual capacities. Answering further, Defendants deny that Plaintiff has correctly identified Detective Malnor's star number and deny any allegation of misconduct or other wrongdoing alleged herein.**

4. The City of Evanston is a municipal corporation within the State of Illinois, and was [at] all times material to this Complaint, the employer of defendant police OFFICERS DETECTIVE ROSENBAUM, Star #161, DETECTIVE MALNOR, Star #121, DETECTIVE POGORZELSKI, Star #255, and DETECTIVE DUKLER, Star #232.

**ANSWER: Defendants deny that Plaintiff has correctly identified Detective Malnor's star number, but admit the remaining allegations contained in this paragraph.**

## FACTS

5. On January 22, 2018, Dr. Hall was falsely stopped and arrested by Evanston police officers. Evanston police officers pointed guns at Dr. Hall shortly after he left the public library. The police officers told him that he had committed three armed robberies and that he had three hundred dollars in cash.

**ANSWER: Defendants deny the allegations contained in this paragraph.**

6. Dr. Hall explained to these officers that he had just walked out of the library across the street and that his story could be verified. Dr. Hall repeatedly asked the officers to send one of the many officers that were there on scene to check on his story. These officers did not believe him and told him that they would check his story, but never did.

**ANSWER: Defendants deny that officers never attempted to verify the information Plaintiff gave to Defendant Officers and other Evanston police officers, but admit the remaining allegations contained in this paragraph.**

7. Dr. Hall was hand cuffed tightly and cried out in pain. These officers would not free him from the handcuffs nor check his story at the library. Both wrists were in pain, especially the left one; both hurt from the grip of the cuffs.

**ANSWER: Defendants lack sufficient information or knowledge upon which to form a belief as to the truth of whether Plaintiff's wrists were in pain, but deny the remaining allegations contained in this paragraph and deny any misconduct or other wrongdoing alleged herein.**

8. Dr. Hall went to St. Francis Hospital in Evanston by ambulance and received x-rays and was given a referral for an MRI.

**ANSWER: Defendant Officers lack sufficient information or knowledge upon which to form a belief as to the truth of the allegations contained in this paragraph and, therefore, neither admit nor deny same. Upon information and belief, City admits that Plaintiff went to St. Francis Hospital by ambulance, but lacks sufficient information or knowledge upon which to form a belief as to the truth of the remaining allegations contained in this paragraph and, therefore, neither admits nor denies same.**

9. Dr. Hall was diagnosed with De Quervain Tenosynovitis with longitudinal split tear of abductor pollicis longus tendon.

**ANSWER: Defendants lack sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in this paragraph and, therefore, neither admit nor deny same.**

10. Dr. Hall is still in pain, and may require wrist injections or surgery to repair the damage done by the Evanston police officers.

**ANSWER: Defendants deny any Evanston police officer caused any damage to Plaintiff and deny any allegation of misconduct or other wrongdoing alleged herein, but lack sufficient information or knowledge upon which to form a belief as to the truth of the remaining allegations contained in this paragraph and, therefore, neither admit nor deny same.**

11. Both of Dr. Hall's wrists were injured and to add insult to injury he was also forced to be on his knees during this interaction. In short, Dr. Hall was physically injured and publicly humiliated.

**ANSWER: Defendants deny the allegations contained in this paragraph and deny any allegation of misconduct or other wrongdoing alleged herein.**

12. Dr. Hall did not even receive an apology from the Evanston Police Department.

**ANSWER: Defendants admit that Plaintiff did not receive an apology from the Evanston Police Department. Answering further, Defendant City denies that Plaintiff did not receive an apology from any Evanston police officer and Defendant Officers, upon information and belief, deny that Plaintiff did not receive an apology from any Evanston police officer.**

## COUNT I
### (42 U.S.C. Section 1983-Excessive Force Claim)

(1-12.) Plaintiff Dr. Gregory Hall alleges and realleges all preceding paragraphs as fully set forth above.

**ANSWER: Defendants re-state their answers to Paragraphs 1-12 of Plaintiff's Amended Complaint as their answers to Paragraphs 1-12 of Count I of Plaintiff's Amended Complaint as if fully set forth herein.**

13. As a result of the unreasonable and unjustifiable attacks on Dr. Gregory Hall, he suffered both physical and emotional injuries.

**ANSWER: Defendants deny the allegations contained in this paragraph.**

14. This unreasonable and unjustifiable abuse of the Plaintiff Dr. Gregory Hall by several Defendant Officers, while other Defendant Officers watched, was a direct and proximate cause of his pain, suffering and mental anguish. The acts by the above individual Defendants violated the Plaintiff's Fourth Amendment right to be free from unreasonable seizures, in addition to a violation of 42 U.S.C. 1983.

**ANSWER: Defendants deny the allegations contained in this paragraph and deny any allegation of misconduct or other wrongdoing alleged herein.**

## COUNT II
### (42 U.S.C. Section 1983-False Arrest)

(1-14.) Plaintiff Dr. Gregory Hall alleges and realleges all preceding paragraphs as fully set forth above.

**ANSWER: Defendants re-state their answers to Paragraphs 1-14 of Plaintiff's Amended Complaint as their answers to Paragraphs 1-14 of Count II of Plaintiff's Amended Complaint as if fully set forth herein.**

15. The above acts of the Defendant Officers were willfully and wantonly done without probable cause and were a direct and proximate cause of Dr. Hall's pain, suffering and mental anguish, and therefore violated the Plaintiff's Fourth Amendment right to be free from unreasonable arrest, search and seizure.

**ANSWER: Defendants deny the allegations contained in this paragraph and deny all allegations of misconduct or other wrongdoing alleged herein.**

## COUNT III
### (42 U.S.C. Section 1983-Conspiracy)

(1-15.) Plaintiff Dr. Gregory Hall alleges and realleges all preceding paragraphs as fully set forth above.

**ANSWER: Defendants re-state their answers to Paragraphs 1-15 of Plaintiff's Amended Complaint as their answers to Paragraphs 1-15 of Count III of Plaintiff's Amended Complaint as if fully set forth herein.**

16. All Defendant Officers reached an understanding, engaged in a sequence of events or course of conduct, and otherwise agreed and conspired together to violate the constitutional rights of the Plaintiff.

**ANSWER: Defendants deny the allegations contained in this paragraph.**

17. Each defendant did reach this understanding and agreement, and did engage in this course of conduct with the mutual purpose, objective, and knowledge that it would deprive the Plaintiff of his rights, privileges and immunities as guaranteed by the Constitution and laws of the United States.

**ANSWER: Defendants deny the allegations contained in this paragraph.**

18. Additionally, said conspiracy/joint action violated Plaintiff's Fourth Amendment rights under the color of law in violation of 42 U.S.C. Section 1983, and was a direct and proximate cause of his pain, suffering and mental anguish.

**ANSWER: Defendants deny the allegations contained in this paragraph.**

19. Acting in furtherance of this plan and conspiracy, each of the Defendants committed overt acts, including, but not limited to, an unjustifiable battery and false arrest as fully alleged in the preceding paragraphs. This course of conduct by the Defendants was done willfully, maliciously, intentionally or with reckless disregard and directly and proximately caused serious injury to the Plaintiff.

**ANSWER: Defendants deny the allegations contained in this paragraph and deny all allegations of misconduct or other wrongdoing alleged herein.**

## COUNT IV
### (Assault and Battery)

(1-19.) Plaintiff Dr. Gregory Hall alleges and realleges all preceding paragraphs as fully set forth above.

**ANSWER: Defendants re-state their answers to Paragraphs 1-19 of Plaintiff's Amended Complaint as their answers to Paragraphs 1-19 of Count IV of Plaintiff's Amended Complaint as if fully set forth herein.**

20. The acts of the Defendant Officers described above, were done maliciously, willfully, wantonly and with such reckless disregard for their natural consequences as to constitute assault and battery under the laws and Constitution of the State of Illinois, and did directly and proximately cause the injuries, pain and suffering of the Plaintiff as alleged above.

**ANSWER: Defendants deny the allegations contained in this paragraph and deny all allegations of misconduct or other wrongdoing alleged herein.**

## COUNT V
### (Respondeat Superior Under Illinois Law Against the City of Evanston)

(1-20.) Plaintiff Dr. Gregory Hall alleges and realleges all preceding paragraphs as fully set forth above.

**ANSWER: Defendants re-state their answers to Paragraphs 1-20 of Plaintiff's Amended Complaint as their answers to Paragraphs 1-20 of Count V of Plaintiff's Amended Complaint as if fully set forth herein.**

21. The aforesaid acts of Defendant DETECTIVE ROSENBAUM, Star #161, DETECTIVE MALNOR, Star #121, DETECTIVE POGORZELSKI, Star #255, and DETECTIVE DUKLER, Star #232, in their excessive force, false arrest, conspiracy, and assault and battery were done within the scope of their employment as Evanston police officers. Further, these acts were willful and wanton, and therefore the defendant City of Evanston, as principal, is liable for the actions of its agents under the doctrine of respondeat superior.

**ANSWER: Defendants admit that, at all times relevant hereto, Defendant Officers were acting within the scope of their employment, deny that Plaintiff has correctly identified Detective Malnor's star number, and deny the remaining allegations and deny all allegations of misconduct or other wrongdoing alleged herein.**

**AFFIRMATIVE DEFENSES**

1. Defendants Daniel Rosenbaum, Pauline Pogorzelski, Marla Dukler, and Timothy Malnor are government officials, namely police officers, who performed discretionary functions. At all times material to the events alleged in Plaintiff's Amended Complaint, a reasonable police officer objectively viewing the facts and circumstances that confronted Defendants Daniel Rosenbaum, Pauline Pogorzelski, Marla Dukler, and Timothy Malnor could have believed their actions to be lawful, in light of clearly established law and the information that Defendants Daniel Rosenbaum, Pauline Pogorzelski, Marla Dukler, and Timothy Malnor possessed. Defendants Daniel Rosenbaum, Pauline Pogorzelski, Marla Dukler, and Timothy Malnor, therefore, are entitled to qualified immunity on Plaintiff's 42 U.S.C. §1983 claims.

2. Defendants Daniel Rosenbaum, Pauline Pogorzelski, Marla Dukler, and Timothy Malnor cannot be held liable for Plaintiff's 42 U.S.C. § 1983 claims unless he or she individually caused or participated in an alleged constitutional deprivation because individual liability for damages under 42 U.S.C. § 1983 is predicated upon personal responsibility. *See Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983).

3. To the extent any employee or agent of the City was acting within the scope of his or her employment, that employee or agent is not liable for his or her acts or omissions in the execution or enforcement of the law, unless such act or omission constitutes wilful and wanton conduct. 745 ILCS 10/2-202.

4. To the extent any employee or agent of the City was acting within the scope of his or her employment, that employee or agent is not liable for any injury caused by the act or omission of another person. 745 ILCS 10/2-204.

5. The City is not liable to Plaintiff for any state law claims for which its employees or agents are not liable to Plaintiff. 745 ILCS 10/2-109.

6. The City is not liable to Plaintiff for any federal claim for which its employees or agents are not liable to Plaintiff. *See City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986).

7. Plaintiff is not entitled to attorney's fees for his state law claims. *See Pennsylvania Truck Lines, Inc. v. Solar Equity Corp.*, 882 F.2d 221, 227 (7th Cir. 1989); *Kerns v. Engelke*, 76 Ill.2d 154, 166, 390 N.E.2d 859, 865 (1979); *Miller v. Pollution Control Board*, 267 Ill. App.3d 160, 171, 642 N.E.2d 475, 485 (4th Dist. 1994).

8. Under the Tort Immunity Act, the City is not required to pay punitive or exemplary damages in any action brought directly or indirectly against an employee by the injured party or a third party. 745 ILCS 10/2-102.

9. To the extent Plaintiff failed to mitigate any of his claimed injuries or damages, any verdict or judgment obtained by Plaintiff must be reduced by application of the principle that Plaintiff has a duty to mitigate, commensurate with the degree of failure to mitigate attributed to Plaintiff by the jury in this case.

## **JURY DEMAND**

Defendants, City of Evanston, Daniel Rosenbaum, Pauline Pogorzelski, Marla Dukler, and Timothy Malnor, hereby demand a jury trial for all issues so triable.

                                        Respectfully submitted,

                                        /s/ Victoria R. Benson
                                        Victoria R. Benson, Deputy City Attorney
                                        One of the Attorneys for Defendants

Victoria R. Benson, Deputy City Attorney (vbenson@cityofevanston.org)
Alexandra B. Ruggie, Assistant City Attorney (aruggie@cityofevanston.org)
City of Evanston, Law Department
2100 Ridge Avenue, Suite 4400
Evanston, Illinois 60201
(847) 866-2937
law@cityofevanston.org

## CERTIFICATE OF SERVICE

      I hereby certify that I have caused to be e-filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division **DEFENDANTS' JOINT ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT**, which sends a true and correct copy to all counsel, including:

| | |
|---|---|
| Standish E. Willis | Brendan Shiller |
| The Law Office of Standish E. Willis | Shiller Preyar Law Offices |
| 29 E. Madison St., Suite 1802 | 601 S. California Ave. |
| Chicago, Illinois 60602 | Chicago, Illinois 60612 |

Jeanette Samuels
Samuels & Associates, Ltd.
2925 S. Wabash Ave., Suite 104
Chicago, Illinois 60616

on this 7th day of June, 2019.

      Respectfully submitted,

      /s/ Victoria R. Benson
      Victoria R. Benson
      Deputy City Attorney


Victoria R. Benson, Deputy City Attorney (vbenson@cityofevanston.org)
Alexandra B. Ruggie, Assistant City Attorney (aruggie@cityofevanston.org)
City of Evanston, Law Department
2100 Ridge Avenue, Suite 4400
Evanston, Illinois 60201
(847) 866-2937
law@cityofevanston.org